**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Harold Peterson

     v.                     Civil No. 15-cv-411-PB

Barack Obama II, President of
the United States

**REPORT AND RECOMMENDATION**

Harold Peterson has filed a "Petition for Declaratory Judgment, Injunctive Relief and Writ of Mandamus" (doc. no. 1) seeking declaratory, injunctive, and mandamus relief against United States President Barack Obama.  The matter is before this court for preliminary review to determine whether Peterson has invoked the subject matter jurisdiction of this court.  LR 4.3(d)(3).  The court construes the pleading liberally, in light of Peterson's pro se status.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**Discussion**

Pursuant to Article III of the United States Constitution, a plaintiff must have standing to bring an action in order for a federal court to exercise subject matter jurisdiction over the action.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 559-60 (1992).  "To establish Article III standing, a plaintiff "must

show: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341-42 (2014) (internal quotation marks and citation omitted). "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 2341 (internal quotation marks and citations omitted). Further, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." Warth v. Seldin, 422 U.S. 490, 499 (1975) (citations omitted).

> [A] plaintiff raising only a generally available
> grievance about government - claiming only harm to his
> and every citizen's interest in proper application of
> the Constitution and laws, and seeking relief that no
> more directly tangibly benefits him than it does the
> public at large - does not state an Article III case
> or controversy.

Lujan, 504 U.S. at 573-74.

In his petition, Peterson asserts that President Obama violated the United States Constitution by signing, without the advice and consent of the Senate, a treaty with Iran concerning Iran's nuclear capabilities that "implicitly amends" the Nuclear Non-Proliferation Treaty entered into by both the United States

and Iran in 1968.[1]  Peterson asks this court to deem the 2015 treaty with Iran unconstitutional, enjoin President Obama from enforcing the treaty, and issue a writ of mandamus directing President Obama to enforce the Constitution and laws regulating treaties, and to declare the 2015 treaty with Iran "null and void."

Peterson has failed to demonstrate that he has suffered, or will imminently suffer, any injury in fact that would cause him harm "in an individual and personal way."  Lujan, 504 U.S. at 561 n.1.  At best, he has asserted a grievance about the conduct of the government in signing the 2015 treaty with Iran that impacts all citizens in the same manner.  Accordingly, Peterson has failed to establish Article III standing, and therefore, has failed to invoke the subject matter jurisdiction of the court. See Klayman v. Obama, No. 15-81023-CIV, 2015 WL 5269958, at *3, 2015 U.S. Dist. LEXIS 120540, at *8-*9 (S.D. Fla. Sept. 10, 2015) (dismissing similar complaint for lack of standing).

Peterson argues that the standing requirement should not be applied in this case, because the Founding Fathers never intended for any plaintiff asserting a constitutional claim to

---

[1]The treaty with Iran that is the subject of this action is the Joint Comprehensive Plan of Action, signed by President Obama on July 14, 2015.

be barred from accessing the federal courts to resolve the claim. While Peterson may take issue with the Supreme Court holdings cited above, this court is bound by that precedent. See Agostini v. Felton, 521 U.S. 203, 237-38 (1997) (where Supreme Court has ruled on issue, lower courts must reach same result until Supreme Court overrules or redefines that precedent). Applying applicable precedent regarding Article III standing, the district judge should dismiss Peterson's complaint for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss this action in its entirety for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

Andrea K. Johnstone
United States Magistrate Judge

November 30, 2015
cc:  Harold Peterson, pro se

4